UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODERICK NIXON, p/k/a Nitro, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VALNET INC., a Canadian corporation, individually and doing business as "GiveMeSport," and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*);<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>Jury Trial Demanded |

Plaintiff, Roderick Nixon, professionally known as "Nitro" ("Nitro"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Nitro is a renowned professional celebrity and music photographer who has taken photographs of famous figures such as Tupac, Biggie, and P Diddy. Nitro has published thousands of original photographs in widely circulated publications such as magazines, books, CD covers, and TV shows..

2. Nitro brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendant Valent, Inc. d/b/a "GiveMeSport" ("Valnet") unlawfully published and displayed Nitro's original photography on its website, *givemesport.com*. Nitro at no time sought to associate his work with Defendants or any of their affiliates.

3. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Nitro is an individual residing in Detroit, Michigan.

8.      Nitro is informed and believes and thereon alleges that Valnet is a Canadian corporation doing business in and with this District, including through its offices at 740 Broadway, New York, New York, 10003.

9.      Defendants Does 1 through 10, inclusive (collectively with Valnet, "Defendants"), are other parties not yet identified who have infringed Nitro's copyrights, have contributed to the infringement of Nitro's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Nitro, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Nitro is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Nitro's rights and the damages to Nitro proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH

11.     Nitro created and owns all rights, including copyrights, in the original photograph of celebrities Mike Tyson and Tupac Shakur, depicted below ("Subject Photograph"):

///

///

///

| Subject Photograph |
|---|
|  |

12. Nitro complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Nitro has registered with the United States Copyright Office at Registration Number VAu 1-397-112, effective as of February 18, 2020.

13. Prior to the acts complained of herein, Nitro widely publicly displayed and disseminated the Subject Photograph.

14. On information and belief, Nitro alleges that Valnet is a large and sophisticated media conglomerate that owns and operates the website "GiveMeSport.com," which publishes copyrighted content online and generates revenue through extensive advertising on the website.

15. On information and belief, Nitro alleged that, beginning on at least December 15, 2020, Defendants, and each of them, willfully copied, reproduced, publicly displayed,

distributed, and otherwise exploited the Subject Photograph for financial benefit including by, without limitation, publishing the Subject Photograph on "givemsport.com" without Nitro's authorization or consent ("Infringing Use"). A true and correct non-exclusive exemplar of the Infringing Use is depicted below:



16. In the Infringing Use, Defendnats removed and/or omitted attribution information to Nitro and instead credit the work to "Neil Leverett," falsely indicating to the public that

Valent or its employees or agents own or otherwise lawfully obtained any rights in the Subject Photograph.

17. Nitro has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

18. Nitro did not discover nor did he have any reason to discover Defendants' unauthorized exploitation of the Subject Photograph more than three years prior to the filing of this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19. Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Upon information and belief, Nitro alleges that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph as it was publicly displayed, including without limitation in Nitro's features, publications, and exhibitions. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

21. Upon information and belief, Nitro alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph without authorization or consent including as seen, without limitation, in the Infringing Use.

22. Upon information and belief, Nitro alleges that Defendants, and each of them, infringed Nitro's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

23. Due to Defendants', and each of their, acts of infringement, Nitro has suffered actual, general, and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nitro's rights in the Subject Photography. As such, Nitro is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography in an amount to be established at trial.

25. Nitro registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis may elect to seek statutory damages in an amount up to $150,000.00 per work infringed.

26. Nitro is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27. Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Upon information and belief, Nitro alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate,

third-party, and social media sites; and distributing the Infringing Use to third-parties for further publication.

29. Nitro is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Infringing Use.

30. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Nitro has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

31. Nitro registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

32. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nitro's rights in the Subject Photography. As such, Nitro is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photography, in an amount to be established at trial.

33. Nitro is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting

Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

34. Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

35. The Subject Photograph were routinely published without attribution, credit, and other copyright management information identifying Nitro as the author.

36. Upon information and belief, Nitro alleges that Defendants, and each of them, removed Nitro's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph attributing it to another artist and/or source, including through an attribution to "Neil Leverett" on the Infringing Use.

37. Upon information and belief, Nitro alleges that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited those sites reflected in the Infringing Uses, having removed Nitro's attribution information, including without limitation his name and/or metadata.

38. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

39. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover

those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photography.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

    h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 25, 2025 | By: */s/ David Michael Stuart Jenkins*<br>David Michael Stuart Jenkins, Esq.<br>Scott Alan Burroughs, Esq.<br>DONIGER / BURROUGHS<br>247 Water Street, First Floor<br>New York, New York 10038<br>scott@donigerlawfirm.com<br>djenkins@donigerlawfirm.com<br>Telephone: (310) 590-1820<br>*Attorneys for Plaintiff* |